**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| DAME FAME, | ) | |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-03032-SHL-cgc |
| CHRISTOPHER BULLOCK, Field Office | ) | |
| Director of U.S. Immigration and Customs | ) | |
| Enforcement, New Orlean Field Office,[1] | ) | |
|    Respondent. | ) | |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On August 10, 2026, pro se Petitioner Dame Fame filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  (ECF No. 2.)  He challenges his "immigration detention for 161 days without ever receiving a bond hearing before an immigration judge."  (Id. at PageID 2.)  Fame states that he is a citizen of Senegal who has resided in the United States since November 2023.  (Id. at PageID 4.)  A gay man, "[h]e fled Senegal after he was attacked and beaten because of his sexual orientation."  (Id.)  "On February 16, 2026, Petitioner was arrested by the DeSoto County, Mississippi Sheriff's Office on state charges."  (Id. at PageID 5.)  However, according to Fame, no state charges remain pending against him.  (Id.)  On February 25, ICE took him into custody, and he remains at the West Tennessee Detention Facility.  (Id.)  He seeks a bond hearing or immediate release.  (Id. at PageID 8.)

---

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement.  See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens.").  Accordingly, the Facility Administrator of the West Tennessee Detention Facility, David Venturella, Markwayne Mullin, and Todd Blanche are dismissed from the case.

On May 11, the Sixth Circuit issued the opinion in <u>Lopez-Campos v. Raycraft</u>, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1)    The Clerk of Court shall email copies of **the Petition (ECF No. 2) and this Order (ECF No. 6)** to the United States Attorney for the Western District of Tennessee at the following email address: **stuart.canale@usdoj.gov**.

(2)    Within **three business days** of the filing of this Order, Respondent shall respond to the Petition.  If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from <u>Lopez-Campos v. Raycraft</u>, 175 F.4th 713 (6th Cir. 2026), or state why <u>Lopez-Campos</u> otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3)    Petitioner may file a reply within **five business days** of the receipt of Respondent's responsive filing.

(4)    Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 12th day of August, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

2